UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                          Chapter 7

       DAVID RUSI                                      Case No. 23-40150-jmm

                        Debtor.
----------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL                Adv. Pro. No.:
PENSION FUND, INTERNATIONAL                  1-23-01088-jmm
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, NATIONAL
ENERGY MANAGEMENT INSTITUTE
COMMITTEE, and NATIONAL STABILIZATION
AGREEMENT OF THE SHEET METAL
INDUSTRURY TRUST FUND,

                   Plaintiffs,
   v.

DAVID RUSI,

                   Defendant.
----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

JOHN J.MACRON
Attorney for Defendant David Rusi
491 Bard Avenue
Staten Island, NY 10310
718-889-3583

TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)

*Atlas Bldg. Sys. v. Rende, 236 A.D.2d 494*

*Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013)

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

*In Re Boyard*, 538 B.R. 645, at 655. (Bankr. EDNY 2015)

*In Re Bartlett 397 B.R. 610 (Bankr. D. Mass. 2008*

*In re Duncan*, 331 B.R. 70, 86 (Bankr. E.D.N.Y. 2005)

*In re Hyman*, 502 F.3d 61, 68 (2d Cir. 2007)

*In re Baylis*, 313 F.3d 9, 20 (1st Cir. 2002)

*Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529, 538 (2d Cir. 1999)

*Sheet Metal Workers National Pension Fund v. Kern (In re Kern)* 542 B.R. 87 (Bankr. E.D.N.Y. 2015)

*Weinstock v. Columbia University*, 224 F.3rd 33 (2nd Cir. 2000)

*11 U.S.C. Sec. 523(a)(4)*

*Fed. R. Civ. P*. 56(c);

*Fed. R. Bankr. P*. 7056;

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                         Chapter 7

       DAVID RUSI                                        Case No. 23-40150-jmm

                                  Debtor.
--------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL                    Adv. Pro. No.:
PENSION FUND, INTERNATIONAL                       1-23-01088-jmm
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, NATIONAL
ENERGY MANAGEMENT INSTITUTE
COMMITTEE, and NATIONAL STABILIZATION
AGREEMENT OF THE SHEET METAL
INDUSTRURY TRUST FUND,

                            Plaintiffs,
   v.

DAVID RUSI,

                            Defendant.
--------------------------------------------------------X

## Preliminary Statement

Debtor / Defendant David Rusi ("Rusi" or Defendant) filed for protection under Chapter 7 after suffering exceptional problems in both his business and his personal life. The instant Adversary Proceeding is objecting to the discharge of Plaintiff's claim seeking a finding of non-dischargeability under *11 U.S.C. Sec. 523(a)(4).*

## Factual Background

Defendant attended at a deposition by Plaintiff. He was forthcoming in setting forth his circumstances leading to his problems.

He was forthcoming in explaining how the business Fahrenheit Mechanical operated. He explained how he (majority) and two other (minority) owners shared responsibility at the company.

There has not been a refusal to supply information, but rather an inability to provide the information. Clearly, there was not a failure to maintain books and records, but rather an inability to locate them.

The Defendant deserves to obtain the benefit underlying policy of the Bankruptcy Code to grant debtors a 'fresh start."

## Legal Argument

It is well-settled that the Bankruptcy Code is designed to offer a Debtor a fresh start. The burden of proving the right to object to the discharge lies with the party opposing discharge. The Defendant filed for bankruptcy protection.

### There Is A Factual Dispute As To Debtor's Conduct

Plaintiff repeatedly refers to Debtor's "failure to maintain its books and records". This fact is fully contested by the Debtor. Clearly, this is an issue of fact which, if essential, must be determined at trial. As Debtor has stated at his deposition and in his Affirmation in opposition. The books and records were maintained. In fact, the same were used to create the tax returns and other items supplied to Plaintiff.

While a primary purpose of Article 3A is to ensure that those who have expended labor and material receive payment, *Atlas Bldg. Sys. v. Rende, 236 A.D.2d 494*.

The simple fact is that Defendant has not been able to locate these documents as they have been misplaced or otherwise lost. Fiduciary liability, such as being alleged here is not absolute. Whether Debtor misused funds, sufficient to deny a discharge under *11 U.S.C. Sec. 523(a)(4)*

requires a strong showing. In fact, the fraudulent intent element is still required under § 523(a)(4). See, *In Re Boyard*, 538 B.R. 645, at 655. (Bankr. EDNY 2015).

The Defendant has not had a "casual attitude" towards these funds.

As was specified by Mr. Rusi, the funds were used to entertain clients to obtain new work. This was wholly within the framework of the operations of Fahrenheit Mechanical as fully delineated by Defendant in his deposition and his Affirmation.

Applying this standard, the allegations are not sufficient to establish the Debtor's "conscious misbehavior or extreme recklessness," *i.e.*, defalcation which acting in a fiduciary capacity.

## Plaintiff Has Not Met Its Burden

Summary judgment is appropriate when the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a). When viewing the evidence, the court must assess the record in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. ***Weinstock v. Columbia University***, 224 F.3rd 33 at page 41 (2nd Cir. 2000).

A creditor has the burden of establishing defalcation by a preponderance of the evidence, see *In Re Bartlett*, 397 B.R. 610 at 619 (citing Grogan v. Garner, 498 U.S. 279, 286, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991)).

*In re Duncan*, 331 B.R. 70, 86 (Bankr. E.D.N.Y. 2005) establishes that "defalcation" is not defined in the Bankruptcy Code".

While other circuits have held that an innocent mistake may constitute defalcation, the Second Circuit, aligning itself with the First Circuit, held that defalcation, for purposes of

§523(a)(4) "require[s] a showing of conscious misbehavior or extreme recklessness…", *In re Hyman*, 502 F.3d 61, 68 (2d Cir. 2007) *In re Baylis*, 313 F.3d 9, 20 (1st Cir. 2002)); *Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529, 538 (2d Cir. 1999).

This standard comports with the Bankruptcy Code's "fresh start" policy, *Baylis*, 313 F.3d at 19, and "ensures that the term 'defalcation' complements but does not dilute the other terms of the provision. It remains that it requires a showing of wrongful intent." *Hyman*, 502 F.3d at 68.

It is respectfully submitted that Debtor's suicidal conduct, admission to a psychiatric ward, and confinement to rehabilitation for about two months confirm no wrongful intent.

Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P*. 56(c); *Fed. R. Bankr. P*. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue of material fact to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." Id. at 248.

The instant matter is replete with factual disputes. Did the Rusi fail to maintain books and records? Rusi has explained both how he had books and records and why he cannot locate them.

Did Rusi "divert" funds as alleged by Plaintiff? Rusi denies any diversions and explains how these errors occurred.

Bankruptcy Code Section 523(a)(4), to except a debt from discharge under Section 523(a)(4) as one arising from defalcation while acting in a fiduciary capacity, a plaintiff must establish three elements: one, an express or technical trust was created; two, the debtor acted in a fiduciary capacity with respect to the trust; and three, the debt arose from a defalcation committed

by the debtor. See, e.g., *Sheet Metal Workers National Pension Fund v. Kern (In re Kern)* 542 B.R. 87 at page 95 (Bankr. E.D.N.Y. 2015) and *Chau v. Duncan (In re Duncan)* 331 B.R. 70 at page 77 (Bankr. E.D.N.Y. 2005).

Defalcation has not been shown by a preponderance of the evidence and the relief sought herein is inappropriate.

Further, to prevail on its defalcation claim a plaintiff must prove the debtor acted with a culpable state of mind involving knowledge of or gross recklessness with- in respect to the improper nature of the relevant fiduciary behavior. See, *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013).

The Supreme Court articulated the state of mind the plaintiff must prove to succeed on its defalcation claim in *Bullock v. BankChampaign*. In that case, the court stated, "For the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, the term requires an intentional wrong. We include as intentional not only conduct that the fiduciary knows is improper, but also reckless conduct of the kind that the criminal law often treats as the equivalent."

As shown by his testimony, Defendant was unable to function and was confined to a Psychiatric Ward for 7 days, followed by about 2 months in a Rehabilitation Facility.

Accordingly, it is respectfully submitted that Defendant did not possess the requisite state of mind to violate his fiduciary duties. When Defendant regained his ability to work, Fahrenheit was already closed.

Plaintiffs' Memorandum, at Page 2 recognizes that "…a discharge is the cornerstone of the United States Bankruptcy Code…" Defendant fully agrees with this characterization as well. Defendant should not be denied a discharge because of the characterizations of him as not being an "honest but unfortunate" debtor. See Plaintiffs' Memorandum.

Though it strains credibility to believe that Debtor would subject himself to the events he faced to avoid creditors, Plaintiffs appear to take that position.

Plaintiffs seem to think that Debtor would allow his personal situation to fall apart to avoid creditors.

Was Debtor checked into a psychiatric ward to avoid creditors?

Did Debtor remain a psychiatric ward for seven days to avoid creditors?

After these seven days in the psychiatric ward, did Debtor enter a multiple week rehabilitation program to avoid creditors?

Debtor was confined for about two months, was unable to function for about two months and was unable to operate Fahrenheit Mechanical.

When Debtor returned Fahrenheit Mechanical was closed.

## CONCLUSION

Accordingly, it is respectfully requested that this Court deny the motion by Plaintiff and grant to Defendant, such further and different relief as this Court deems fair, just and proper.

Dated:  Staten Island, New York
        February 12, 2025

/s/    *John J. Macron*
       John J. Macron