


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 7

    DAVID RUSI                                      Case No. 23-40150-jmm

                       Debtor.
------------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL                    Adv. Pro. No.:
PENSION FUND, INTERNATIONAL                      1-23-01088-jmm
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, NATIONAL
ENERGY MANAGEMENT INSTITUTE                      **DEFENDANT'S RESPONSE**
COMMITTEE, and NATIONAL STABILIZATION            **TO EXHIBIT "BF" SUBMITTED**
AGREEMENT OF THE SHEET METAL                     **BY PLAINTIFFS WITH NEW**
INDUSTRURY TRUST FUND,                           **MATTERS IN REPLY PAPERS**

                       Plaintiffs,
        v.

DAVID RUSI,

                       Defendant.
------------------------------------------------------------X

      John J. Macron, an attorney admitted to practice before the Courts of the State of New York, pursuant CPLR §2016 and under penalty of perjury, affirms the following:

1.     I represent the Defendant, DAVID RUSI, in this matter.

2.     On March 11, 2025, counsel participated in a remote Microsoft Teams Hearing in connection with plaintiff motion for summary judgment. ECF Doc 37.

3.     At that time, I raised an objection to the Court's consideration of Plaintiffs' Exhibit BF.

4. Although my adversary offered to withdraw Exhibit BF, the Court directed me to supply details of my objection so that a decision could be made on the admissibility of Exhibit BF.

5. I make this affirmation to formalize my objection to Exhibit BF as per the instruction of the Court, and pursuant to the letter filed, this response is timely, Doc. 39.

6. Exhibit BF is captioned "Expenditures Prior to September 2020". It purports to be a summary of financial records; however, it is more. Exhibit BF contains the thoughts and essentially work product of my adversary, which goes beyond the records that it purports to summarize. It is also described as a "Summary of Diversions from Fahrenheit…". A conclusion which has not been reached. Doc. 37.

7. While it may be Plaintiffs' prerogative to "waive" that privilege and share his work product with us, his doing so does not convert his analysis and opinions into competent, reliable, admissible evidence.

8. The court rules are very clear on what constitutes evidence for purposes of summary judgment; and, it is required that each fact to be separately stated and referenced to the record.

9. The Exhibit in question is more than just referencing evidence.

10. By characterizing the evidence Plaintiffs create bias and colors the transactions that appear in the financial record to Plaintiffs' favor

11. Characterizing creates bias, and by way of characterizing transactions beyond what appears in the records; attorney synthesis and analysis of the information is not objective.

12. Many entries on Exhibit BF are categorized as "gambling."

13. Nowhere within the bank statements, Exhibit AN and Exhibit AQ, which are the basis for the spreadsheet, are any of the entries described as gambling.

14. Multiple entries contain notes, which reference "casino." The vast majority of these entries do not contain the word "casino."

15. Many entries on Exhibit, BF are categorized as "adult."

16. Nowhere within the bank statements which serve as the basis of Exhibit BF is there a category of adult.

17. It appears that multiple entries are duplicative; there are points where plaintiff referenced (not a duplicate), but others do appear to be duplicates.

18. Specifically, the spreadsheet references Rusi_00543 in two entries for $1004.99. These two references appear to be in duplicate.

19. Numerous other entries seek to place certain items in the category of "adult." On page 4 of 33, there are two entries referencing Rusi_00558 for $310, this appears to be duplication, as there is only one entry for that amount of money. Again, nowhere within the bank statements, which are the basis for this Exhibit BF do we see a reference to a category of "adult."

20. On Exhibit BF at page 5 of 33, there are four entries of a cash withdrawal for $1004.99 at page Rusi_00579. A review of that page indicates the two of these would be duplicates.

21. On Exhibit BF at page 6 of 33, there are two entries of a cash withdrawal for $964.99 at Rusi_00585. A review of that page indicates the one of these is duplicate.

22. On Exhibit BF at page 11 of 33, there again appears to be an improper duplicate entry of $1984.99, categorized as "gambling."

23. On Exhibit BF at page 12 of 33, there again appears to be an improper duplicate entry of $1005.99, categorized as "gambling."

24. On Exhibit BF at page 13 of 33, there again appears to be an improper duplicate entry of $1005.99 categorized as "gambling."

25. On Exhibit BF at page 14 of 33, there again appears to be an improper duplicate entry of $984.99, categorized as "gambling."

26. On Exhibit BF at page 14 of 33, there again appears to be an improper duplicate entry of $1004.99, categorized as "gambling."

27. There are numerous and further examples of Plaintiffs asserting words and characterizations of Exhibit AN and Exhibit AQ by language in Exhibit BF. It appears that Exhibit BF cannot be relied upon as an accurate reflection of the withdrawals.

28. The rules of procedure in the bankruptcy court, and in the federal court, clearly spell out what constitutes evidence.

29. Further, the rules clearly spell out that new evidence is not to be presented in the form of a reply to opposition to a motion, see e.g., FRCP sec., 56, Rules of Bankruptcy 7056.

30. Essentially plaintiffs' motion, in my opinion, is insufficient to prove their entitlement to summary judgment.

31. Plaintiffs have failed to address the essential argument that a bankruptcy discharge is preferred to non-discharge.

32. Plaintiffs have failed to address that defendant was operating under severe mental disability and incapacity.

33. Plaintiffs now seek to introduce a manufactured document as evidence.

34. I believe they have tried to compensate for these failures by raising the tempo of the dialogue.

35. Exhibit BF, through Plaintiffs' use of categories, such as "gambling" or "adult" is trying to sway the perceptions of the court, to think ill-toward of defendant.

36. Plaintiffs' motion should be denied and the matter set down for a trial.

Dated:   Staten Island, New York
         April 2, 2025

/s/ *John J. Macron*
John J. Macron
491 Bard Avenue
Staten Island, NY  10310
(718) 889-3583