**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:                                                                                          Chapter 7

    DAVID RUSI                                                                   Case No. 23-40150-jmm

                              Debtor.
-------------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL                                    Adv. Pro. No.:
PENSION FUND, INTERNATIONAL                                      1-23-01088-jmm
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, NATIONAL
ENERGY MANAGEMENT INSTITUTE
COMMITTEE, and NATIONAL STABILIZATION
AGREEMENT OF THE SHEET METAL
INDUSTRY TRUST FUND,

                       Plaintiffs,                                **ORDER**

         v.

DAVID RUSI,

                       Defendant.
-------------------------------------------------------------X

       For the reasons set forth in this Court's Memorandum Decision Granting Plaintiffs' Motion for Summary Judgment in Part, entered in the above-captioned adversary proceeding (the "Adversary Proceeding") on August 19, 2025, it is hereby

       **ORDERED**, that the motion (the "Motion") **seeking summary judgment (JMM)**, filed in the Adversary Proceeding on January 15, 2025 (Doc. No. 21) on behalf of Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund, International Training Institute for the Sheet Metal And Air Conditioning Industry, Sheet Metal Occupational Health Institute Trust, National Energy Management Institute Committee, and

National Stabilization Agreement of the Sheet Metal Industry Fund (collectively, the "Plaintiffs"), is granted in part **to the extent (JMM)** set forth herein; and it is further

**ORDERED**, that the debt owed by Defendant David Rusi to Plaintiffs in the sum of $776,358.21, as set forth in Plaintiffs' Proof of Claim filed in Defendant's underlying chapter 7 case, **and identified as Claim 9-1 on the claims register for that case** plus ~~accrued interest of $83,229.81 on the delinquent contributions and accrued interest of $191,699.30 on the exit contributions through September 2, 2025, for a total of $1,051,287.32 is~~ ~~hereby~~ **interest at the applicable judgment rate is (JMM)** non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); and it is further

**ORDERED**, that Plaintiffs shall have a money judgment against Defendant David Rusi in the amount of ~~$1,051,287.32~~ **$776,358.21 plus interest thereon (JMM)** and said judgment shall be non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); and it is further

**ORDERED**, that Debtor is denied a discharge in bankruptcy pursuant to 11 U.S.C. § 727(a)(4); and it is further

**ORDERED**, that the Motion as it concerns **Plaintiffs' request for (JMM)** relief pursuant to 11 U.S.C. §§ 523(a)(6) and 727(a)(3) only is denied; and it is further

**ORDERED**, that Plaintiffs' Third Cause of Action is dismissed solely to the extent Plaintiffs seek a declaration of non-dischargeability pursuant 11 U.S.C. § 523(a)(6); and it is further

**ORDERED, that Plaintiff may submit a judgment that conforms with this Order within fourteen days of entry. (JMM)**

~~**ORDERED**, that the Clerk of this Court shall enter judgment consistent with this Order and close the Adversary Proceeding.~~

Dated: September 18, 2025
Brooklyn, New York



_____
Jil Mazer-Marino
United States Bankruptcy Judge